IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| VOGEL PAINT & WAX COMPANY, INCORPORATED<br><br>Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC.<br><br>Defendant. | CASE NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION**

Plaintiff, Vogel Paint & Wax Company, Incorporated ("Plaintiff"), through its undersigned counsel, for its complaint against Defendant alleges as follows:

**PARTIES**

1. Plaintiff Vogel Paint & Wax Company, Incorporated, is a corporation duly organized and existing under the laws of the State of Iowa, and having a principal place of business in Orange City, Iowa.

2. Defendant PPG Architectural Finishes, Inc., is a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business in Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, unfair competition, and false description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1)(Trademark Infringement), 1125(a)(Unfair Competition and False Description), and for trademark infringement and unfair competition under the common law of the State of Iowa.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5. This Court also has jurisdiction under 28 U.S.C. § 1332. There is diversity of citizenship between the parties, and the amount of in controversy exceeds $75,000 exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant by virtue of the fact that it conducts business in the State of Iowa, has availed itself of the rights and benefits of Iowa law, and has engaged in substantial and continuing contacts with the State. More specifically, Defendant is registered to do business in the State of Iowa and provides products and services in Iowa through several retail stores, including Home Depot and Menards, as well as through several wholly owned Iowa subsidiaries located throughout the state, including Pittsburgh Paints, PPG Auto Glass L.L.C. and Iowa Paint Store.

7. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in the district, a substantial part of the property that is the subject of the action is situated in this district, and/or the defendant maintains a place of business in the district. Specifically, Defendant's

"HOMEVANTAGE PLUS" interior paint at issue in this lawsuit is available for retail purchase at Pittsburgh Paints located in Urbandale, Iowa.

## PLAINTIFF'S TRADEMARK RIGHTS

8. Plaintiff owns the federal trademark registration for a Mark on the Principal Register of the United States Patent and Trademark Office ("USPTO") for VANTAGE PLUS for coatings, for interior use, in the character of paint (Reg. No. 3453195)(Exhibit A)("Plaintiff's Mark").

9. Plaintiff has continuously used the VANTAGE PLUS Trademark Registration in connection with its paint since at least as early as 2007.

10. Plaintiff's Mark is valid and subsisting and constitutes prima facie evidence of Plaintiff's exclusive right to use the VANTAGE PLUS Mark in connection with the goods cited in this registration. This registration has not been abandoned, cancelled or revoked.

11. Plaintiff has spent substantial sums of money to advertise and promote the VANTAGE PLUS Mark in print, broadcast media, and on the Internet through Plaintiff's web site accessible throughout the United States and around the world at http://vogelpaint.com/, as well as through its over 80 service locations throughout the United States.

12. Plaintiff's VANTAGE PLUS paint is sold and marketed to painting professionals as well as ordinary consumers. Advertising samples of Plaintiff's VANTAGE PLUS paint are attached as Exhibit B.

13. Plaintiff's Mark is and has become distinctive in the United States for paint.

**DEFENDANT'S INFRINGING ACTIVITIES**

14.     In November of 2011, Plaintiff became aware that Defendant had begun using the name "HOMEVANTAGE PLUS" in conjunction with interior paint ("the Infringing Name"). A copy of the advertisement for Defendant's "HOMEVANTAGE PLUS" product is attached as Exhibit C. A photograph of Defendant's "HOMEVANTAGE PLUS" paint shown for sale on the shelf in Defendant's Pittsburgh Paints retail store is attached as Exhibit D.

15.     Defendant markets its "HOMEVANTAGE PLUS" product to painting professionals as well as ordinary consumers who can walk into Defendant's retail paint stores and purchase the product off the shelf.

16.     On December 9, 2012, counsel for Plaintiff, Wendy Marsh, sent a letter to Defendant's counsel, notifying him that Defendant's use of the "HOMEVANTAGE PLUS" name with goods substantially identical to those of Plaintiff's VANTAGE PLUS trademark constituted a violation of Plaintiff's trademark rights, and demanded that Defendant immediately cease use of "PLUS" in conjunction with "HOMEVANTAGE". (Exhibit E).

17.     On December 23, 2012, counsel for Defendant, Joseph Villapol, responded to Ms. Marsh with an e-mail, a copy of which is attached as Exhibit F. In his response, Mr. Villapol denied use of the name "HOMEVANTAGE PLUS" as a trademark for its interior latex paint and further denied any possible confusion between the parties' respective use of "VANTAGE PLUS" and "HOMEVANTAGE PLUS" for identical goods. (Exh. F).

18.     The Infringing Name "HOMEVANTAGE PLUS" contains the entirety of Plaintiff's Mark and is used in conjunction with goods that are identical or nearly identical to those set forth in Plaintiff's Trademark Registration.

19. Plaintiff's Mark was distinctive at the time Defendant began using the Infringing Name in conjunction with its goods.

20. Plaintiff has not consented or authorized Defendant to use Plaintiff's Mark.

21. By failing to cease using the Infringing Name containing Plaintiff's Mark on identical goods, Defendant is and is attempting to trade on the goodwill of Plaintiff and in a manner that could harm said goodwill.

22. By failing to cease use of the Infringing Name on goods that are identical or nearly identical to the goods of Plaintiff's Trademark Registration and which are marketed and sold to identical customers in identical channels of trade, Defendant is and is attempting to create an association between its paint products and Plaintiff's Mark.

23. Defendant is using its Infringing Name containing Plaintiff's mark or a confusingly similar version thereof with a bad faith intent to profit from Plaintiff's Mark.

24. Defendant has no lawful trademark or other intellectual property rights in the Infringing Name.

## COUNT I

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

25. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

26. By continuing to use Plaintiff's Mark in conjunction with its paint product after being You warned by Plaintiff that such use would be considered infringing, Defendant intentionally and knowingly used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's Mark in connection with the sale, offering for sale, or advertising of goods

in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

27. Defendant's use of Plaintiff's Mark has created a likelihood of confusion among consumers who may falsely believe that the Infringing Name and Defendant's paint are associated with Plaintiff or that Plaintiff sponsors or approves of Defendant's goods or commercial activities.

28. Defendant's continued and knowing use of Plaintiff's Mark without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federal registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT II

**(Unfair Competition:  False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

30. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. Defendant's use of the Plaintiff's Mark and/or marks that are confusingly similar to the Plaintiff's Mark constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's goods and commercial activities.

32. Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that Defendant's goods are produced by, or affiliated or associated with Plaintiff, when in fact they are not.

33.     Upon information and belief, Defendant acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation.  Defendant's conduct is willful, wanton and egregious.

34.     As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT III

### (Common Law Trademark Infringement)

35.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

36.     By virtue of having used and continuing to use the Plaintiff's Mark, Plaintiff has acquired common law trademark rights in the Mark.

37.     Defendant's continued use of Plaintiff's Mark in conjunction with its paint products infringes Plaintiff's common law trademark rights in Plaintiff's Mark and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's goods originate from, are affiliated with, or are endorsed by Plaintiff when, in fact, they are not.

38.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

  A. A preliminary and permanent injunction prohibiting Defendant and its respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendant, from: (1) using the Plaintiff's Mark or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites, in domain names, in hidden text and metatags); and (2) registering or trafficking in any domain names containing the Plaintiff's Mark or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

  B. An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Plaintiff in an amount to be determined at trial;

  C. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

  D. All other relief to which Plaintiff is entitled.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

__/s/ Wendy K. Marsh_____

Glenn Johnson
Wendy K. Marsh
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: (515) 645-5502
Facsimile: (515) 283-8045
Email:  gjohnson@nyemaster.com
Email:  wkmarsh@nyemaster.com

ATTORNEYS FOR PLAINTIFF